**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTOR CARRILLO-CARRILLO, AKA Victor Manuel Carrillo-Carrillo, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 18-70891 <br><br> Agency No. A213-149-935 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2019**

Before:     CANBY, GRABER, and MURGUIA, Circuit Judges.

Victor Carrillo-Carrillo, a native and citizen of Guatemala, petitions pro se

for review of an immigration judge's ("IJ") determination under 8 C.F.R.

§ 1208.31(a) that he did not have a reasonable fear of persecution or torture in

Guatemala and thus is not entitled to relief from a reinstated removal order. We

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the IJ's factual findings. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016). We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder,* 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the IJ's determination that Carrillo-Carrillo failed to demonstrate a reasonable possibility of persecution in Guatemala on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (petitioner's "desire to be free from harassment by criminals motivated by theft or random violence . . . bears no nexus to a protected ground").

Substantial evidence also supports the IJ's determination that Carrillo-Carrillo failed to demonstrate a reasonable possibility of torture by or with the consent or acquiescence of the government of Guatemala. *See Andrade-Garcia*, 828 F.3d at 836-37.

Carrillo-Carrillo's contentions that his right to due process was violated on account of insufficient translation before the asylum officer, and errors in the IJ's analysis of his claims, fail. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process claim); *see also Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009) ("To establish a due

process violation, a petitioner must show that defects in translation prejudiced the outcome of the hearing.").

**PETITION FOR REVIEW DENIED.**